

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOAN SCHNEIDER and
WAYNE PATTERSON,

    Plaintiffs,

v.                                      Civil Action No. 2:25-cv-00028

AMERICAN WATER WORKS
COMPANY, INC., A Delaware
Corporation, and WEST VIRGINIA
AMERICAN WATER COMPANY,
A West Virginia Corporation,

    Defendants.

## COMPLAINT

Plaintiffs Joan Schneider and Wayne Patterson ("Plaintiffs"), by and through pro se representation, file this Complaint against Defendants American Water Works Company, Inc. ("American Water") and West Virginia American Water Company ("WV American Water"), (collectively "Defendants") and allege as follows:

## PARTIES

1.    Plaintiff, Joan Schneider, is a resident of McLean County Illinois, and the owner of the property located at 4 Easy Street, South Charleston, West Virginia ("the Property").

2.    Plaintiff, Wayne Patterson, is a resident of McLean County Illinois, and the owner of the property located at 4 Easy St. South Charleston, WV.

3.    Defendant American Water Works Company, Inc. is a Delaware corporation incorporated under the laws of Delaware with its principal place of business in Camden County, New Jersey.

4.    Defendant West Virginia American Water Company is a West Virginia

and existing under the laws of West Virginia, with its principal place of business in Charleston, West Virginia.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and the property that is the subject of this action is situated in this district.

## FACTUAL ALLEGATIONS

7. On or about December 22, 2022, Plaintiffs contacted West Virginia American Water Company and requested that water service to the 4 Easy Street Property be turned off.

8. Defendants negligently failed to turn off the water service as requested.

9. On or about March 5, 2023, an individual discovered water flowing from the house and subsequently a burst pipe under the kitchen sink. This was all due to the failure to turn off the water.

10. The continuous water flow caused extensive damage to the Property, including damage to the flooring, walls, kitchen cabinets, appliances, HVAC system, and potentially the foundation.

11. Defendants had a duty to exercise reasonable care in performing service requests, including turning off water service when requested.

12. Defendants breached this duty by failing to complete the requested service, directly causing Plaintiffs' damages.

13. As a result of Defendants' negligence, Plaintiffs have incurred significant repair costs, loss of rental income, and other financial damages exceeding $75,000.

## CLAIMS FOR RELIEF

## COUNT I
## NEGLIGENCE

14. Plaintiffs incorporate by reference Paragraphs 1-13 as if fully set forth herein.

15. Defendants owed Plaintiffs a duty of care to properly execute service requests and prevent foreseeable harm.

16. Defendants breached this duty by failing to turn off the water service as requested.

17. Defendants' breach was the direct and proximate cause of the flooding and resulting damage to the Property.

18. Plaintiffs suffered damages as a result, including property repair costs, loss of rental income, and other related expenses.

## COUNT II
## GROSS NEGLIGENCE

19. Plaintiffs incorporate by reference Paragraphs 1-18 as if fully set forth herein.

20. Defendants' failure to turn off the water service despite Plaintiffs' explicit request demonstrates a reckless disregard for Plaintiffs' property rights.

21. This gross negligence entitles Plaintiffs to punitive damages.

## COUNT III
## BREACH OF CONTRACT

22. Plaintiffs incorporate by reference Paragraphs 1-21 as if fully set forth herein.

23. Plaintiffs and Defendants entered into an agreement for the termination of water service to the Property.

24. Defendants breached this agreement by failing to turn off the water service as

requested.

25. As a direct result, Plaintiffs suffered significant damages, including property damage and financial losses.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF WORKMANLIKE SERVICE

26. Plaintiffs incorporate by reference Paragraphs 1-25 as if fully set forth herein.

27. Defendants had an implied duty to perform the requested service in a workmanlike manner.

28. Defendants failed to perform the service competently, resulting in substantial damage to Plaintiffs' Property.

## COUNT V
## TRESPASS

29. Plaintiffs incorporate by reference Paragraphs 1-28 as if fully set forth herein.

30. Defendants' failure to turn off the water caused unauthorized and continuous water intrusion onto Plaintiffs' Property.

31. This unlawful intrusion constitutes trespass and has caused significant damage to Plaintiffs.

## COUNT VI
## PRIVATE NUISANCE

32. Plaintiffs incorporate by reference Paragraphs 1-31 as if fully set forth herein.

33. Defendants' actions resulted in continuous water intrusion that substantially interfered with Plaintiffs' use and enjoyment of the Property.

34. Defendants' conduct constitutes a private nuisance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in Plaintiffs'

favor and against Defendants as follows:

      A.     Compensatory damages in an amount exceeding $75,000, including repair costs and loss of rental income;

      B.     Punitive damages for Defendants' gross negligence;

      C.     Damages for breach of contract and trespass;

      D.     Costs of this action, including filing fees and any additional costs deemed appropriate;

      E.     Pre- and post-judgment interest as permitted by law; and

      F.     Any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: January 10, 2025

Respectfully submitted by,

_Joan Schneider_, Plaintiff Pro se

205 Saratoga Rd
Normal IL 61761
309-750-2346
easystreet304@gmail.com

_Wayne Patterson_, Plaintiff Pro se

205 Saratoga Rd
Normal IL 61761
309-750-4345
optstar@hotmail.com