IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOAN SCHNEIDER and WAYNE
PATTERSON,

           Plaintiffs,

v.                                    CIVIL ACTION NO. 2:25-cv-00028

AMERICAN WATER WORKS COMPANY
and WEST VIRGINIA AMERICAN WATER
COMPANY,

           Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by standing order entered September 1, 2024, and filed in this case January 21, 2025, is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 8). Pending before the Court are (1) a *Motion to Set Aside and Void Entry of Clerk's Entry of Default* (ECF No. 29), filed April 24, 2025, by Defendants American Water Works Company, Inc. and West Virginia American Water Company (collectively, "Defendants"); (2) a *Motion for Default Judgment* (ECF No. 33), filed May 9, 2025, by Plaintiffs Wayne Patterson and Joan Schneider; and (3) a *Motion to Strike Defendants' Motion to Set Aside and Void Entry of Clerk's Entry of Default* (ECF

No. 42), filed June 2, 2025, by Plaintiffs. Various responses and replies have been filed to each pending motion, and the matters are ready for adjudication.

For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that Defendants' *Motion to Set Aside Default and Void Entry of Clerk's Entry of Default* (ECF No. 29) be **GRANTED**, and Plaintiffs' *Motion for Default Judgment* (ECF No. 33) and *Motion to Strike Defendants' Motion to Set Aside and Void Entry of Clerk's Entry of Default* (ECF No. 42) be **DENIED**.

## I.  BACKGROUND

Plaintiffs Wayne Patterson and Joan Schneider, proceeding pro se, filed the initial *Complaint* in this matter on January 17, 2025. (ECF No. 3). The operative *Amended Complaint* was later filed on March 19, 2025. (ECF No. 23). Summons for Defendants were issued on March 25, 2025, and served on March 27, 2025. (ECF Nos. 25, 26). Defendants were to respond to the *Amended Complaint* no later than April 17, 2025. (ECF NO. 26). However, they failed to do so.

Accordingly, the Court ordered the Clerk to enter default, pursuant to Rule 55(a) of the *Federal Rules of Civil Procedure*, against Defendants. (ECF No. 27). The Court further ordered Plaintiffs to file the appropriate motion and affidavits to facilitate the entry of default judgment, pursuant to Rule 55(b), by no later than 4:00 p.m. on May 14, 2025. *Id.* The Clerk entered default against Defendants that same day. (ECF No. 28).

Two days later, on April 24, 2025, Defendants moved to set aside and void the Clerk's entry of default, claiming that a clerical error resulted in their failure to timely respond to Plaintiffs' *Amended Petition*. (ECF No. 29, 30). Plaintiffs filed their *Motion for Default Judgment* on May 9, 2025, prior to receiving a copy of the Defendants' motion. (ECF No. 33). Defendants responded to Plaintiffs' *Motion for Default Judgment* on May

2

12, 2025, (ECF No. 35). Plaintiffs replied on May 14, 2025, (ECF No. 36), and, with leave of Court, filed an Amended Reply on August 22, 2025, (ECF No. 47).

On June 2, 2025, Plaintiffs filed their *Motion to Strike Defendants' Motion to Set Aside and Void Entry of Clerk's Entry of Default*. (ECF No. 42). Defendants responded in opposition on June 9, 2025, (ECF No. 43), and Plaintiffs moved for leave to file a reply thereto, which the Court granted on August 15, 2025. (ECF No. 46). Plaintiffs filed their Reply (ECF No. 48), as well as a Notice of Supplemental Authority (ECF No. 49), on August 22, 2025. The matters are now ripe for adjudication.

## II.    ANALYSIS

### A.    Legal Standard

"It is undeniable that default judgments are warranted 'against defendants who failed to appear or participate in the proceedings.'" *Fed. Trade Comm'n v. Pukke*, 53 F.4th 80, 106 (4th Cir. 2022) (quoting *Chafin v. Chafin*, 568 U.S. 165, 175 (2013)). However, our Court of Appeals has long "expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (referring to this preference as a "time-worn commitment to the resolution of disputes on their merits"); *see Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir.1990) ("The law disfavors default judgments as a general matter.").

Rule 55 of the *Federal Rules of Civil Procedure* provides that a trial court may, "[f]or good cause shown," set aside an entry of default. Fed.R.Civ.P. 55(c). Our Court of Appeals has instructed that, when determining whether to set aside an entry of default, "a district court should consider whether the moving party has a meritorious defense,

whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006); *see Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) ("Generally[,] a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."); *Colleton*, 616 F.3d at 417 (noting that the standard to set aside a clerk's entry of default under Rule 55(c) is "more forgiving of defaulting parties" than the standard imposed by Rule 60(b) "because it does not implicate any interest in finality"); *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 131 n.1 (4th Cir. 2020). "In sum, 'an extensive line of decisions' has held that *Federal Rule of Civil Procedure* 55(c) must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.' " *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir.1969)).

    **B. Discussion**

Defendants now move to set aside and void the Clerk's entry of default. (ECF No. 29). They argue that (1) the missed deadline was due to a clerical error by counsel; (2) they acted promptly in filing their motion; (3) meritorious defenses to Plaintiff's suit exist; and (4) there would be no prejudice to Plaintiffs in granting the requested relief. *Id.* Plaintiffs, meanwhile, contend that the Defendants have no meritorious defenses to suit and characterize Defendants' delay in responding to the *Amended Complaint* as a dilatory tactic which, if allowed, would severely prejudice Plaintiffs. (ECF No. 42). Plaintiffs' arguments are unconvincing.

First, Defendants filed their motion two days after discovering that the Clerk had entered default against them and one week after the answer deadline. (ECF Nos. 28, 29). Plaintiffs contend that Defendants' failure to timely answer is just one of Defendants' many dilatory practices stemming back to the insurance company's handling of their claim. (ECF No. 42 at 4). But the actions of the insurance company are not the actions of the Defendants, and Plaintiffs fail to point to any specific action or inaction on the part of Defendants beyond missing the answer deadline to corroborate such a claim. Additionally, although Plaintiffs did not receive a copy of Defendants' motion via mail until May 19, 2025, the fact remains that the Defendants filed it only two days after the Clerk's entry of default. Defendants are not responsible for any delay in the delivery process that occurred after Defendants deposited Plaintiffs' copy in the mail.

Second, "justice . . . demands that a party not be disadvantaged by the errors or neglect of his attorney." *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982). Here, Defendants have unequivocally stated that their default stems from counsel's clerical error in calendaring the answer deadline. There is nothing in the record, aside from Plaintiffs' bald assertions, to indicate that Defendants are personally responsible for the delay. Sanctioning Defendants for the errors of their attorneys would be contrary to long-held principles of fairness, and the facts of this case do not merit such a sanction here.

Third, Defendants claim to have meritorious defenses to the action, should they be permitted to proceed on the merits. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (citing *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 n. 8 (4th Cir.1974); *Williams v. Blitz*, 226 F.2d 463 (4th Cir.1955)).

Defendants contend that they have at least two meritorious defenses to suit, namely, (1) the Court's lack of personal jurisdiction over American Water Works Company, Inc., a Delaware corporation that Defendants claim has no ties to West Virginia beyond being the parent corporation to a West Virginia company; and (2) the expiration of the statute of limitations period for Plaintiffs' claims. Each of these defenses, if supported by facts obtained during discovery, are meritorious and would be dispositive of some or all of Plaintiffs' claims.

Finally, Plaintiffs fail to demonstrate that they would be prejudiced should the Court set aside default as requested by Defendants. Our Court of Appeals has made clear that "delay in and of itself does not constitute prejudice to the opposing party." *Colleton*, 616 F.3d at 418 (citing *Indigo America, Inc. v. Big Impressions*, LLC, 597 F.3d 1, 4 (1st Cir.2010)). "Moreover, as obvious as it may be, it bears mention that no cognizable prejudice inheres in requiring a plaintiff to prove a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." *Colleton*, 616 F.3d at 419. Plaintiffs fail to establish any potential prejudice here.

## III.   RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendants' *Motion to Set Aside Default and Void Entry of Clerk's Entry of Default* (ECF No. 29) be **GRANTED**, and Plaintiffs' *Motion for Default Judgment* (ECF No. 33) and *Motion to Strike Defendants' Motion to Set Aside and Void Entry of Clerk's Entry of Default* (ECF No. 42) be **DENIED**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and

Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Johnston and to each opposing party, except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to transmit a copy to counsel of record and any unrepresented party.

ENTERED: August 26, 2025

Dwane L. Tinsley
United States Magistrate Judge