**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JOAN SCHNEIDER and WAYNE
PATTERSON,

                    Plaintiffs,

v.                                                            CIVIL ACTION NO.   2:25-cv-00028

AMERICAN WATER WORKS COMPANY
and WEST VIRGINIA AMERICAN WATER
COMPANY,

                    Defendants.


**ORDER**

Before this Court is *Defendant American Water Works Company, Inc.'s Motion to Dismiss, or in the Alternative, Motion for Summary Judgment*, filed by Defendant American Water Works Company, Inc. ("AWWC Inc."). (ECF No. 60). In response, the pro-se Plaintiffs, Joan Schneider and Wayne Patterson (together, "Plaintiffs") filed a *Motion for Jurisdictional Discovery* (ECF No. 63). For the reasons set forth herein, the undersigned **FINDS** that Plaintiffs are entitled to jurisdictional discovery prior to determination of personal jurisdiction over Defendant AWWC, Inc., and as a result, the Defendant's motion is premature. Accordingly, Defendant AWWC Inc.'s motion be **DENIED WITHOUT PREJUDICE**, and Plaintiff's motion is **GRANTED**.

I.      **BACKGROUND**

The facts of this civil action have been set forth previously in the undersigned's pending *Proposed Findings and Recommendation* (ECF No. 66), incorporated by

reference, and are not repeated herein except as relevant for the adjudication of the subject motions.

In its subject *Motion to Dismiss, or in the Alternative, Motion for Summary Judgment*, Defendant AWWC Inc. argues that "Plaintiffs have failed to make the required showing that [Defendant], a Delaware holding company, is subject to personal jurisdiction in West Virginia." (ECF No. 60 at 1). In support of its motion, Defendant AWWC Inc. submitted the Declaration of Nicholas Furia, the Treasurer for a subsidiary of the Defendant who claims to "have personal knowledge regarding the operation and structure of AWWC" Inc. (ECF No. 60 at 4). Mr. Furia attests that, *inter alia*, Defendant AWWC Inc. (1) is a holding company of Defendant West Virginia American Water Company ("WVAWC"); (2) as a holding company, Defendant AWWC Inc. does not provide services or conduct substantive operations in any state; (3) Defendant AWWC Inc. does not provide any water services in West Virginia; (4) Defendant AWWC Inc. does not have any customers in West Virginia; and (5) Defendant AWWC is not a water utility or operator in West Virginia. *Id.* Defendant AWWC Inc. also submitted its Form 10-K filed with the U.S. Securities and Exchange Commission ("SEC") for the fiscal year ending on December 31, 2024. *Id.* at 6-7.

In response, Plaintiffs request that the Court either deny Defendant's motion or grant them a period of "limited jurisdictional discovery under Rule 56(d)." (ECF No. 63). In support, Plaintiffs submitted (1) an excerpt from an SEC filing by Defendant AWWC Inc. (ECF No. 63-1 at 1-8); (2) Defendant WVAWC's Rates, Terms, and Conditions filed with the Public Service Commission of West Virginia on May 2, 2024 (*see id.* at 9-61); (3) various press releases by Defendant WVAWC (*see id.* at 62-67); (4) a web page pulled

from Defendant WVAWC's website (*see id.* at 68-71); and (5) an excerpt from the account log notes for Joan Schneider cited by Defendants in a previous motion (*see id.* at 72; ECF No. 52-1 at 4). Finally, Plaintiffs submitted a Joint Declaration attesting, *inter alia*, to a need for discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure on the grounds that "all information concerning AWWC's control, revenue integration, executive oversight, and policy directives is internal to the corporation and inaccessible without limited discovery." (ECF No. 64 at 3-4). Plaintiffs seek an order granting limited discovery consisting of up to 10 interrogatories and up to 5 requests for production, to be completed within 90 days, concerning (1) the extent of AWWC's operational control over WVAW, including shared officers, directors, and decision-making on customer service policies; (2) internal organizational charts; (3) policy documents and training materials from AWWC governing WVAW's West Virginia operations; (4) communications between AWWC executives and WVAW management regarding operational decisions, including the shutoff request at issue; and (5) financial records. While it is not entirely clear from their briefing, based upon the type of discovery sought Plaintiffs appear to argue that the contacts of WVAW with West Virginia should be imputed to its parent company, as a subsidiary of Defendant AWWC, Inc. *See id.*

Defendant AWWC Inc. filed a reply in support of its motion, in which it opposed Plaintiffs' request for discovery. (ECF No. 65). Therein, Defendant argues that "Plaintiffs rely on documentary material that is out of context and that does not satisfy the applicable standards for jurisdiction under West Virginia and federal law. *Id.* at 1. Defendant then retraces its argument that as a mere holding company it had no direct contact with West Virginia. *See generally id.* Notably, Defendant did not address whether its subsidiary's

3

contact with West Virginia is properly imputed to it as the parent company. *See id.* With the filing of Defendant AWWC, Inc.'s reply, the motions are now ripe for adjudication.

## II.    LEGAL STANDARD

A party may challenge the court's power to exercise personal jurisdiction over it through a motion under Federal Rule of Civil Procedure 12(b)(2). *Time 2 Shine BMX, LLC v. McEvoy*, 2:25-cv-08265, 2026 WL 607409, at *1 (D.S.C. Mar. 4, 2026). "When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Id.* (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). However, the plaintiff's burden when confronted with a particular jurisdictional challenge varies depending on the stage of the litigation, the posture of the case, and the evidence before the court. *McEvoy*, 2026 WL 607409, at *1 (citing *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016); *Sec. & Exch. Comm'n v. Receiver for Rex Ventures Grp., LLC*, 730 Fed. App'x 133, 136 (4th Cir. 2018)).

When a court rules on a personal jurisdiction issue presented in a pretrial motion prior to holding an evidentiary hearing, "the burden on the plaintiff is simply to make a *prima facie* showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *McEvoy*, 2026 WL 607409, at *1 (citing *Combs*, 886 F.2d at 676). In such circumstances, much like when reviewing motions made pursuant to Rule 12(b)(6), "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* In doing so, however, the court need not credit

4

conclusory allegations or draw farfetched inferences. *McEvoy*, 2026 WL 607409, at *1 (citing *Masselli & Lane, PC v. Miller & Schuh, PA*, 215 F.3d 1320 (4th Cir. 2000) (unpublished table decision)). "Unlike under Rule 12(b)(6), the court may also consider affidavits submitted by both parties, although it must resolve all factual disputes and draw all reasonable inferences in favor of the party asserting jurisdiction." *McEvoy*, 2026 WL 607409, at *1 (citing *Hawkins v. I-TV Digitalis Tavkozlesi Zrt.*, 935 F.3d 211, 226 (4th Cir. 2019)).

If the plaintiff's allegations are sufficient to make a *prima facie* case for personal jurisdiction, the court may deny the Rule 12(b)(2) motion and later revisit the question or defer ruling on the motion until the parties have had the opportunity to develop the factual record. *McEvoy*, 2026 WL 607409, at *2 (citing *Combs*, 886 F.2d at 676). District courts have broad discretion to allow discovery to help resolve personal jurisdiction issues, and jurisdictional discovery should normally be permitted "[w]hen the Plaintiff's claim does not appear to be frivolous." *McEvoy*, 2026 WL 607409, at *2 (citing *Mylan Lab'ys Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993)). Yet, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003); *see also Pandit v. Pandit*, 808 Fed. App'x 179, 183 (4th Cir. 2020) ("Jurisdictional discovery is proper when the plaintiff has alleged sufficient facts to suggest the possible existence of personal jurisdiction."). Moreover, "[a] party is not entitled to discovery that would be futile or otherwise inadequate to establish a sufficient basis for jurisdiction." *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016). Once the factual record is developed and

presented to the court, either at an evidentiary hearing or at trial, the plaintiff has the burden of proving facts supporting jurisdiction by a preponderance of the evidence. *Grayson*, 816 F.3d at 268.

## III.   DISCUSSION

As set forth *supra*, Defendant AWWC, Inc. seeks to dismiss Plaintiffs' claims against it pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction.[1] The parties do not contest that personal jurisdiction exists over AWWC, Inc.'s subsidiary, WVAW. A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *Does 1-9 v. Murphy*, 7:20-cv-00947-DCC, 2025 WL 2533961, at *5 (D.S.C. Sept. 3, 2025) (citing Fed. R. Civ. P. 4(k)(1)(A)). Thus, for a district court to validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied: first, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements. *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 134 (4th Cir. 1996). Because the West Virginia long-arm statute is coextensive with the full reach of due process, the statutory inquiry merges with the Constitutional inquiry. *Wagner v. Regard Recovery, LLC*, 1:24-cv-30, 2025 WL 684400, at *3 (N.D. W. Va. Mar. 3, 2025). Accordingly, the central constitutional question the Court must address is whether the defendant has established minimum contacts with West Virginia such that the maintenance of the suit

---

[1] AWWC, Inc. also moved to dismiss the claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for lack of subject-matter jurisdiction, but provided no supporting argument for these issues and, as such, the motion on these grounds is denied. *See Adkins*, 2019 WL 3432537, at 2 n.1. Further, the Court **FINDS** *sua sponte* that Plaintiffs have established subject-matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

does not offend traditional notions of fair play and substantial justice. *Murphy*, 2025 WL 2533961, at *5 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Viewed through this constitutional lens, personal jurisdiction may arise through either (1) specific jurisdiction, which is based on the conduct alleged in the lawsuit, or through (2) general jurisdiction.[2] *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n.15 (4th Cir. 2009). Here, Plaintiffs assert that specific jurisdiction applies. (ECF No. 63 at 5). To determine whether specific jurisdiction exists, the Court examines "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004) (citation omitted). While the law presumes separately-incorporated companies are legally distinct, if the parent and its subsidiary act as one entity, their formal separate corporate structures will not prevent the assertion of jurisdiction over the non-resident corporation. *Adkins v. CSX Transp., Inc.*, 3:18-cv-0321, 2019 WL 3432537, at *1 (S.D. W. Va. July 30, 2019) (citing *Town of Fayetteville v. Law*, 495 S.E.2d 843, 848 (W. Va. 1997)).

The Supreme Court of Appeals of West Virginia has outlined eleven factors to be considered by a court in determining whether to assert personal jurisdiction over the

---

[2] It is undisputed that general jurisdiction does not apply to the case at hand. The exercise of general jurisdiction over a defendant requires contacts between the defendant and the forum state that are so "continuous and systematic" as to render the defendant "essentially at home in the forum State." *Wagner*, 2025 WL 684400, at *3 (citing *Goodyear v. Dunlop Tires Operations, S.A.*, 564 U.S. 915, 919 (2011)). Generally, a corporation or other business entity is considered "at home" and subject to general personal jurisdiction only in its state of incorporation and the state in which it has its principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014). Here, Plaintiffs allege in their *Amended Complaint* that Defendant AWWC is incorporated in Delaware and has its principal place of business in New Jersey. (ECF No. 23 at 1). Accordingly, it is clear that AWWC is not "essentially at home" in West Virginia.

parent company of a subsidiary doing business in West Virginia. *Adkins*, 2019 WL 3432537, at *2 (citing *Bowers v. Wurzburg*, 501 S.E.2d 479, 790 (W. Va. 1998)). In determining whether to impute a subsidiary's contact with West Virginia to its parent, courts should look to the following factors:

1.  Whether the parent corporation owns all or most of the capital stock of the subsidiary;
2.  Whether the parent and subsidiary corporations have common directors and officers;
3.  Whether the parent corporation finances the subsidiary;
4.  Whether the parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation;
5.  Whether the subsidiary has grossly inadequate capital;
6.  Whether the parent corporation pays the salaries and other expenses or losses of the subsidiary;
7.  Whether the subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation;
8.  Whether in the papers of the parent corporation or in the statement of its officers, the subsidiary is described as a department or division of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own;
9.  Whether the parent corporation uses the property of the subsidiary as its own;
10. Whether the directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take their orders from the parent corporation in the latter's interest; and
11. Whether the formal legal requirements of the subsidiary are not observed.

*Id.* The burden of demonstrating these factors lies with the Plaintiffs. *Id.* (citing *Toney v. Fam. Dollar Stores, Inc.*, 273 F. Supp. 2d 757, 762 (S.D. W. Va. 2003)).

Notably, however, Defendant AWWC, Inc.'s Declaration by Nicholar Furia does not address any of these factors. (*See* ECF No. 60 at 4-5). Moreover, as Plaintiffs assert, the majority of this information is in the possession of the Defendants and not publicly available to Plaintiffs. In support of their assertion, Plaintiffs submitted a sworn Declaration pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. A court has

broad discretion to determine the procedure that it will follow in resolving a Rule 12(b)(2) motion. *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). As the Fourth Circuit explained in *Grayson*, "a district court properly carries out its role of disposing of a pretrial motion under Rule 12(b)(2) by applying procedures that provide the parties with a fair opportunity to present to the court the relevant facts and their legal arguments before it rules on the motion." *Id.* at 269. As such, the undersigned **FINDS** that jurisdictional discovery is appropriate under the circumstances in the interests of fairness.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED** that *Defendant American Water Works Company, Inc.'s Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (ECF No. 60) be **DENIED WITHOUT PREJUDICE** as premature, and Plaintiffs' *Motion for Jurisdictional Discovery* (ECF No. 63) be **GRANTED**. Plaintiffs shall be granted a period of 90 days, ending **July 15, 2026**, to conduct jurisdictional discovery limited to the eleven factors enumerated in *Adkins*, 2019 WL 3432537, discussed *supra*. At the conclusion of such time, Defendants may renew their subject 12(b)(2) motion.

**IT IS SO ORDERED.**

The Clerk is **DIRECTED** to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTERED:    April 16, 2026

Dwane L. Tinsley
United States Magistrate Judge

9