**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JOAN SCHNEIDER, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO.   2:25-cv-00028

AMERICAN WATER WORKS COMPANY, INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss, or in the Alternative Motion for Summary Judgment (the "Motion"), filed by Defendants American Water Works Company, Inc. and West Virginia American Water Company (collectively, "Defendants").  (ECF No. 52.)   By standing order entered on January 4, 2016, and filed in this case on January 21, 2025, (ECF No. 8), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").  Magistrate Judge Tinsley filed a PF&R on April 13, 2026, recommending that the Motion be granted in part and denied in part.  (ECF No. 66.)   Specifically, Magistrate Judge Tinsley recommends denying the Motion to the extent that Defendants argue that Plaintiffs' claims are barred by the applicable statute of limitations, (*see id.* at 5–8), and granting the Motion as to Count IV of the Amended Complaint, which asserts a claim for Breach of Implied Warranty of Workmanlike Service, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (*see id.* at 8).

1

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the PF&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on April 30, 2026. (ECF No. 66.) To date, neither party has submitted any objection in response to the PF&R, thus constituting a waiver of *de novo* review and right to appeal this Court's order.

Accordingly, the Court **ADOPTS** the PF&R. (ECF No. 66.) Defendants' Motion, (ECF No. 52), is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** as to Count IV of the Amended Complaint, which is **DISMISSED** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Motion is **DENIED** insofar as Defendants argue that Plaintiffs' claims are barred by the applicable statute of limitations.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        June 3, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE